IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

RAYMOND A. KYLES and	Case No: 06-11319-MAM
LINDA J. KYLES,

    *Debtors*.

### ORDER SUSTAINING OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

    Jeffrey J. Hartley, Attorney for the Chapter 13 Trustee
    John Grow, Attorney for the Debtors

This matter is before the Court on the Trustee's objection to the homestead exemption proposed by Debtor at Schedule C. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I), and the Court has the authority to enter a final order. For the reasons indicated, the Trustee's objection is due to be SUSTAINED.

### FACTS

Debtors filed this chapter 13 case on August 4, 2006. On December 14, 2009, Debtors filed an Amended Schedule A, claiming a homestead exemption in their residence and a lot adjoining their residence located at 10025-A, McLeod Road, Mobile, Alabama. On January 29, 2010, the Trustee filed an Objection to Debtor's claim of exemption.

At the hearing on this matter, Mrs. Kyles testified that the lot she and her husband owned was across the street from their home. The lot has a trailer on it that their daughter used to live in, but the trailer currently has no value. The Kyles do not rent the trailer to anyone. The Kyles' residence, when combined with the subject lot, is less than the amount allowed as a homestead

under Alabama law. Mrs. Kyles testified at the hearing that they do not use the property for any purpose and have no plans to use it.

Counsel for the Debtors and for the Trustee filed letter briefs in support of their positions. Debtors' counsel included records from the Mobile County Revenue Commissioner dated January 25, 2010, showing that Debtors amended their homestead exemption claim to "combine parcels 006.001 & 006.003 for use with homestead for 2011 second mobile home on property used for storage." Debtors also asserted in their brief that the subject lot is used for storage of an empty trailer.

## LAW

Alabama Code section 6-10-2 governs homestead exemptions. It relevant part it states:

> The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy. . . When a husband and wife jointly own a homestead each is entitled to claim separately the exemption provided herein, to the same extent and value as an unmarried individual. For purposes of this section . . . a mobile home or similar dwelling if the principal place of residence of the individual claiming the exemption shall be deemed to be a homestead

Exemption laws are to be liberally construed in favor of debtors. *McPherson v. Everett*, 172 So.2d 784 (Ala. 1965); *In re Hughes*, 306 B.R. 683 (Bankr. M.D. Ala. 2004) (citing *First Alabama Bank v. Renfro*, 452 So.2d 464, 468 (Ala. 1984)). The trustee, as the party objecting to the exemption, has the burden of proving by a preponderance of the evidence that both lots are not the homesteads of the Debtors. Fed. R. Bankr. P. 4003(c).

According to the court in *In re Hughes*, "both ownership and occupancy are prerequisites to the 'rightful claim of a homestead exemption.'" *In re Hughes*, 306 B.R. at 686. The parties

agree that the Debtors own both lots, therefore the only issue is whether they occupy the subject lot as a homestead.

After a review of relevant cases, this Court suggested in *In Re Owens*, Case No. 09-13260, that in order to claim a property fits within the homestead exemption little more need be done than claiming the property as exempt for homestead tax purposes and possibly mowing the property or deriving enjoyment from viewing the property. In the present case, Debtors did not claim a homestead exemption in the property before bankruptcy and testified that they did not use the property.

Even construing the Alabama exemption law and this Court's opinion in *In re Owens* liberally, Debtors have not provided sufficient evidence to meet the standard for claiming the subject lot as part of their homestead exemption for purposes of their chapter 13 proceedings. The property was not homesteaded before bankruptcy and Mrs. Kyles testified to no use of the property that qualifies it for homestead status. There was no evidence that Debtors maintained the property, parked vehicles on it, used it as a playground for children, etc. Therefore, the Trustee's Objection to Exemption is due to be SUSTAINED.

Dated: February 11, 2010

*Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE